872 F.2d 417
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James V. JOYCE, Joyce Western Corporation, a New York
corporation, Plaintiffs-Appellees,
v.
John STERGE, Heritage Financial Corporation, a Massachusetts
corporation, Defendants-Appellants.
 No. 88-3973.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1989.
Decided March 17, 1989.
 
 Dennis C. Belli, for appellants.
 Victor Alfred Barone (Charles E. Hurt, on brief) for appellees.
 Before WILKINS, Circuit Judge, BUTZNER, Senior Circuit Judge, and J. FREDERICK MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 John C. Sterge and Heritage Financial Corporation appeal the district court's order directing a verdict in favor of Joyce Western Corporation and James V. Joyce, owner of Joyce Western, and awarding damages in the amount of $50,000 plus interest in an action for breach of contract. Sterge contends that the court erred in directing the verdict because questions of fact existed that should have been determined by the jury. Sterge also argues that the court erred in granting Joyce's motion in limine to strike Sterge's defense of performance and to exclude evidence of alleged loan commitments. We affirm.
 
 
 2
 On February 10, 1986, Joyce contracted with Sterge to obtain a $14 million loan commitment and a financial surety bond to secure the loan. The contract provided that Joyce would advance $50,000 which was to be returned if Sterge failed to procure the bond or loan commitment. Both parties admit that they verbally agreed to extend the time of performance but disagree as to the length of the extension. On April 17, 1986, Joyce sent Sterge a letter requesting the return of the $50,000 because the loan commitment and bond had not been obtained. When Sterge refused, Joyce filed this suit alleging that Sterge had failed to perform and seeking damages of $50,000 plus interest. Sterge responded that he was entitled to keep the $50,000 on the grounds that he had performed his contractual duties and any failure to perform on his part was due to Joyce's failure to cooperate. Joyce moved in limine to strike Sterge's defense of performance arguing that the only evidence Sterge intended to offer in support of his position was conclusory, self-serving, and based on hearsay. The court granted the motion and ordered the exclusion of evidence of alleged loan commitments.
 
 
 3
 Our examination of the documents Sterge wanted to be admitted into evidence shows that the court was correct in excluding this evidence. Several of the documents were mailgrams from Sterge to Joyce, all dated after Joyce cancelled the contract, containing statements that certain financial institutions were interested in pursuing Joyce's loan request. Sterge argues that the mailgrams are not based on hearsay because they were not offered to prove the truth of the matter asserted, that the companies were prepared to make the loan commitment, but were relevant to show that Sterge was performing its contractual duties and would have obtained the loan commitment if Joyce had not failed to cooperate. We reject Sterge's argument. As noted by Joyce in its brief, "these documents are not probative on the issue of alleged 'continued performance' unless their contents are accepted as true." (Brief of Appellee at 21). These mailgrams are precisely the kind of untrustworthy evidence that the hearsay rule was designed to exclude. Rather than attempt to prove that Sterge was working to obtain the loan by showing letters written by Sterge stating that certain financial institutions were interested in making the loan, Sterge should have brought in representatives of those institutions as witnesses. Then Joyce would have been afforded the opportunity to cross-examine the declarants of these statements.
 
 
 4
 The court also refused to admit into evidence letters to Joyce from Commerce National Exchange Corporation stating that Commerce was interested in making the loan. Besides being inadmissible hearsay, the letter is not relevant to prove performance on the part of Sterge. Not only does the letter not mention Sterge or Heritage, but the writer did not know whether the funding request was being handled by a broker.
 
 
 5
 Sterge also attempted to offer into evidence a letter from Edward Rogers, Vice-President of Coroon & Black, stating that he was ready to provide the financing for Joyce. Rogers' statement is clearly hearsay. The proper course for Sterge was to have Rogers take the witness stand and question him concerning his company's intent to provide the loan for Joyce. Accordingly, the district court's order granting Joyce's motion in limine is affirmed.
 
 
 6
 We also find that a directed verdict was proper. Sterge's sole ground for retaining the money was that his failure to perform was caused by Joyce's failure to cooperate. Paragraph nine of the contract provides: "Joyce agrees to make restitution to Sterge in the event any act by Joyce, Joyce's bank or any agent for Joyce would hinder the closing of this transaction. This restitution would be limited to funding put up by Sterge for bonding."
 
 
 7
 We find paragraph nine to be dispositive of this case. The language of paragraph nine is clear and unambiguous. Moreover, this provision was added at the request of Sterge and should therefore be construed against him. Because the parties provided a specific remedy in the event that Joyce hindered the closing of the loan, all other remedies are excluded. Ward v. Smith, 140 W.Va. 791, 811, 86 S.E.2d 539, 550 (1955). We note that the district court, in denying Joyce's motion for summary judgment, rejected the argument that paragraph nine controlled the outcome of the case as a matter of law. But the court made this ruling before proof of Sterge's defense of performance was found to be insufficient.
 
 
 8
 Sterge admits that it did not put up any money to procure the bond. So under the clear language of the contract Sterge would not be entitled to any relief if Joyce's acts were indeed responsible for Sterge's inability to procure the loan and bond. As a matter of law, Sterge has no claim to the $50,000, and the district court's order directing a verdict in favor of Joyce is affirmed.
 
 
 9
 AFFIRMED.